UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DALLAS CONN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-cv-00891-RWS |
| ) | |
| ANNE L. PRECYTHE, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on review of plaintiff Dallas Conn's prisoner civil rights complaint. For the reasons discussed below, the Court will order plaintiff to file a signed, amended complaint on a Court-provided form. He will also be directed to either file a motion for leave to proceed in forma pauperis or pay the full filing fee.

### Background

On July 10, 2023, fourteen inmates incarcerated at the Missouri Eastern Correctional Center ("MECC"), including plaintiff, filed a "class action" lawsuit. (Docket No. 1). The 42 U.S.C. § 1983 complaint named six defendants affiliated with MECC. Defendants were accused of allowing the plaintiff-inmates to be restrained with plastic zip-ties for an excessive amount of time while the Correctional Emergency Response Team searched their housing unit. Only one of the plaintiff-inmates, David Wilson, signed the complaint, filed a motion for leave to proceed in forma pauperis, and submitted a copy of his inmate account statement.

Because the Court does not allow multiple prisoners to join together in a single lawsuit under Federal Rule of Civil Procedure 20, the complaint was severed and new cases opened for

each individual plaintiff. (Docket No. 2). The instant case is one of the newly-created cases brought by a plaintiff severed from the initial action.

## Discussion

The complaint in this action is defective for two reasons. First, plaintiff has not signed the complaint. Rule 11 of the Federal Rules of Civil Procedure requires an unrepresented party to personally sign all of his pleadings, motions, and other papers, and requires courts to "strike an unsigned paper unless the omission is promptly corrected after being called to the … party's attention." *See* Fed. R. Civ. P. 11(a). Similarly, the Local Rules of this Court also require that all filings be signed by a self-represented party. E.D. Mo. L.R. 2.01(A)(1).

Second, the complaint alleges violations of the rights of a group of inmates as a whole, rather than describing the specific constitutional violations allegedly endured by plaintiff. While federal law authorizes plaintiff to plead his own case personally, he lacks standing to bring claims on behalf of others. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) (stating that, in general, to satisfy the standing requirement, a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties"). Moreover, a non-attorney, self-represented litigant may not represent someone else in federal court. *See* 28 U.S.C. § 1654. *See also Jones ex rel. Jones v. Correctional Medical Services, Inc.*, 401 F.3d 950, 952 (8th Cir. 2005) (stating that "a non-attorney…may not engage in the practice of law on behalf of others"); *Iannaccone v. Law*, 142 F.3d 553, 558 (2nd Cir. 1998) (stating that "because pro se means to appear for one's self, a person may not appear on another's behalf in the other's cause…A person must be litigating an interest personal to him"); and *Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (stating that a person who is not licensed to practice law may not represent another individual in federal court).

Because plaintiff is proceeding as a self-represented litigant, the Court will give him the opportunity to file a signed, amended complaint to set forth his own claims for relief. In completing his amended complaint, plaintiff should follow the instructions set forth below.

### Amendment Instructions

Plaintiff should type or neatly print his amended complaint on the Court's civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). If the amended complaint is handwritten, the writing must be legible.

In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed.

Plaintiff should put his case number in the appropriate location on the upper right-hand section of the first page. He should then fill out the complaint form in its entirety, and ensure that it is signed. *See* Fed. R. Civ. P. 11(a).

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

The amended complaint should only include claims that arise out of the same transaction or occurrence. In other words, plaintiff should only include claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). Furthermore, as noted

above, plaintiff should only bring claims on his own behalf, and not on behalf of anyone else. That is, his claim should describe what happened to him, and not what happened to others.

In structuring his amended complaint, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

If plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that 42 U.S.C. § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If plaintiff is suing multiple defendants, it is important that he establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. It is not enough for plaintiff to make general allegations against all the defendants as a group. Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused of doing. *See Topchian v. JPMorgan*

4

*Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. If plaintiff fails to file an amended complaint on a Court-provided form within **thirty (30) days** in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

### Motion for Leave to Proceed in Forma Pauperis

Plaintiff has not filed a motion for leave to proceed in forma pauperis or paid the full filing fee. *See* E.D. Mo. L.R. 2.01(B)(1) ("The Clerk may refuse to receive and file any pleading or document in any case until the applicable statutory fee is paid, except in cases accompanied by a completed application to proceed in forma pauperis"). He will therefore be directed to either file a motion for leave to proceed in forma pauperis or pay the full filing fee within **thirty (30) days** of the date of this order. If plaintiff fails to comply, this action will be dismissed without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court-provided form within **thirty (30) days** of the date of this order, in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that if plaintiff fails to file an amended complaint on the Court-provided form within **thirty (30) days** of the date of this order, in accordance with the instructions set forth above, the Court will dismiss this action without prejudice and without further notice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's motion for leave to proceed in forma pauperis form.

**IT IS FURTHER ORDERED** that plaintiff must either file a motion for leave to proceed in forma pauperis or pay the full filing fee within **thirty (30) days** of the date of this order.

**IT IS FURTHER ORDERED** that if plaintiff fails to either file a motion for leave to proceed in forma pauperis or pay the full filing fee within **thirty (30) days** of the date of this order, the Court will dismiss this action without prejudice and without further notice.

**IT IS FURTHER ORDERED** that if plaintiff files a motion for leave to proceed in forma pauperis, he must submit a copy of his certified inmate account statement for the six-month period immediately preceding the filing of his complaint.

Dated this 18th day of July, 2023.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE